**FITZGERALD v. SANFORD, Warden.**

**No. 11148.**

Circuit Court of Appeals, Fifth Circuit.
Oct. 20, 1944.

· Writ of Certiorari Dismissed Dec. 18, 1944.
See 65 S.Ct. 311.

See, also, 142 F.2d 445.

Thomas Fitzgerald, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

PER CURIAM.

The applicant for habeas corpus was sentenced in Pennsylvania to six years' imprisonment on Oct. 17, 1937. He served this sentence, less good time allowance under 18 U.S.C.A. § 710, and was conditionally released on Dec. 23, 1941, under 18 U.S.C.A. § 716b. Not giving bond, he was taken to New Jersey, where an indictment for another offense was pending. On it he was sentenced on July 22, 1942, to a term of four years and returned to the penitentiary. If both sentences had been in effect during the first period of imprisonment, the more liberal good time allowance on the aggregate sentences of ten years would have shortened the total time of imprisonment to a period less than he has now served. The claim is that the prisoner's plight should not be worsened by the United States having delayed the second trial till the first sentence was served, custody having in fact been continuous. The District Court held that good time allowances depend on the aggregate of sentences in existence at the time the good time is earned, and cannot be affected retroactively by a sentence subsequently imposed. This we think is a correct interpretation of the statute allowing them. When the appellant was conditionally released from imprisonment under his first sentence the good time allowance due him thereon was fixed. A subsequent imprisonment under a later sentence, although there was continuous custody, has its own separate basis for good time computation.

Judgment affirmed.