Alan ABRAHAMS, Petitioner-Appellant,

v.

George H. RODGERS, Warden, Federal Correctional Institution, Ray Brook, New York, Respondent-Appellee.

No. 237, Docket 82–2184.

United States Court of Appeals, Second Circuit.

Argued Sept. 1, 1982.

Decided Oct. 7, 1982.

---

James C. Straney, Latham, N.Y., for petitioner-appellant.

David R. Homer, Asst. U.S. Atty., N.D. N.Y., Albany, N.Y. (Gustave J. DiBianco, U.S. Atty., N.D.N.Y., Albany, N.Y., of counsel), for respondent-appellee.

Before LUMBARD, CARDAMONE and WINTER, Circuit Judges.

PER CURIAM:

This appeal involves the determination of whether two federal sentences are consecutive and thus must be aggregated for purposes of computing "good-time" under 18 U.S.C. § 4161 (1976). Petitioner-appellant Abrahams was sentenced on April 2, 1978, to a prison term by the United States District Court for the Southern District of New York. This sentence (less good time) expired on January 4, 1980. Abrahams was not released since he faced another federal charge in the Southern District and did not make bail. On June 4, 1980, he was sentenced to four years and six months on the second charge.

Abrahams claims that his continuous imprisonment in the same cell and under the same daily prison work routine entitles him to aggregation of his sentences as consecutive under Section 4161 for purposes of computing good time. This claim, raised by a petition for a writ of habeas corpus, was denied by the United States District Court for the Northern District of New York, Foley, *Judge*, on the basis of *Fitzgerald v. Sanford*, 145 F.2d 228 (5th Cir.), *cert. denied*, 324 U.S. 869, 65 S.Ct. 911, 89 L.Ed. 1424 (1944), which held that aggregation under Section 4161 "cannot be affected retroactively by a sentence subsequently imposed." We affirm substantially for the reasons set out by Judge Foley.

Abrahams' initial sentence had expired well before imposition of the second sentence, exactly the situation in *Fitzgerald*. Abrahams seeks to distinguish that case on the grounds that 18 U.S.C. § 3568 (1976), which requires the crediting of time served in the pre-trial period, was not in effect when *Fitzgerald* was decided. However, nothing in the legislative history of Section 3568 even remotely suggests an intent to change the principle under which sentences are aggregated for purposes of computing good time. *See* H.R.Rep.No. 2058, 86th Cong., 2d Sess., *reprinted in* 1960 *U.S.Code Cong. & Ad.News* 3288; *see also* H.R. Rep.No. 1541, 89th Cong.,2d Sess., *reprinted in* 1966 *U.S.Code Cong. & Ad.News* 2293, 2306, *and Siegel v. United States*, 436 F.2d 92, 95 (2d Cir. 1970). The crediting of pre-trial detention, even when served in substantially similar circumstances, does not change the essential fact that at the time Abrahams' first sentence expired, the second had not been imposed. The purpose of crediting greater amounts of good time per months served for aggravated sentences is to encourage good behavior throughout the sentences. No such incentive exists during the first sentence when the second sentence has not been imposed.

Affirmed.