**UNITED STATES of America, Appellee,**

v.

**Eric LEAPHART, Defendant–Appellant.**

**No. 1721, Docket 96–1021.**

United States Court of Appeals,
Second Circuit.

Argued June 6, 1996.

Decided Oct. 21, 1996.

---

Daniel Nobel, New York City, for appellant.

Morris J. Panner, Asst. U.S. Atty., New York City (Mary Jo White, U.S. Atty., Craig A. Stewart, Asst. U.S. Atty., on the brief), for appellee.

Before: NEWMAN, Chief Judge,
JACOBS, Circuit Judge, and CHATIGNY,* District Judge.

CHATIGNY, District Judge.

Appellant Eric Leaphart appeals from a judgment of the United States District Court for the Southern District of New York (Grubin, M.J.) convicting him, on his guilty plea, of failure to appear in violation of 18 U.S.C. § 3146(a)(2) and (b)(1)(A)(iv), a misdemeanor. The conviction was based on Leaphart's failure to surrender to begin serving a sentence of ninety days' imprisonment for misdemeanor bank theft. *See* 18 U.S.C. § 2113(b). Leaphart contends that the Magistrate Judge (1) erred in imposing a two year term of supervised release; (2) improperly sentenced him to home detention; and (3) erred in failing to "affirm" that his sentence for failure to appear should be aggregated with his previous sentence for bank theft.

The government concedes that the maximum term of supervised release to which the District Court could have sentenced Leaphart on his conviction for failure to appear is one year. The other grounds for appeal raised by Leaphart are without merit. Leaphart has not been sentenced to home detention and the sentence he has been given for failure to appear cannot be aggregated with the sentence he previously received for bank theft. Accordingly, the judgment is reversed in part and the case is remanded to permit the District Court to sentence Leaphart to a term of supervised release of not more than one year.

## BACKGROUND

On December 15, 1993, Leaphart pleaded guilty to one count of misdemeanor bank theft in violation of 18 U.S.C. § 2113(b).[1] On February 23, 1994, he was sentenced to ninety days' imprisonment, to be followed by a one-year term of supervised release. Leaphart was ordered to surrender to begin serving his sentence on February 28, 1994.

Leaphart failed to surrender as directed and a bench warrant was issued for his arrest. On November 21, 1994, the government filed an information charging him with failure to appear in violation of 18 U.S.C. §§ 3146(a)(2) and (b)(1)(A)(iv). On May 16, 1995, he was arrested on that charge and incarcerated.

On July 10, 1995, Leaphart pleaded guilty to failure to appear. He was sentenced on January 4, 1996 to twelve months' imprisonment to be followed by two years of supervised release.

During the sentencing hearing, the Magistrate Judge found that Leaphart had not made restitution or paid a special assessment required by his sentence for bank theft. Accordingly, as a condition of Leaphart's supervised release, the Magistrate Judge directed him to make those payments. Leaphart was also ordered to refrain from opening new lines of credit without first notifying the Probation Office and to correspond periodically with the District Court.

The Magistrate Judge proposed to include as an additional condition of supervised release a requirement that "Leaphart remain at his place of residence except for employment and other activities approved by the [Probation Office]." When Leaphart's counsel characterized this proposed condition as "home confinement," the Magistrate Judge stated, "It is not exactly home confinement;

---

* Honorable Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

1. 18 U.S.C. § 2113(b) provides that anyone who steals from a bank any property, money or other thing of value not exceeding $100 may be fined not more than $1,000 and imprisoned not more than one year.

it is supervised confinement...." A probation officer attending the hearing informed the Magistrate Judge that Leaphart could not be supervised on "home confinement" without a requirement of electronic monitoring. The Magistrate Judge and the probation officer discussed the differences between "home confinement" and "intensive supervision." The Magistrate Judge then stated:

> Let's leave it at this for now, but if we can get specific conditions, and I understand what that is, you know, we can set something finally, alright, which I guess means the judgment—he'll be remanded, Mr. Noble, but the judgment may take—when can you get that to me, sometime next week?
>
>     \*     \*     \*     \*     \*     \*
>
> Mr. Noble, when the Probation Department gets that information, I'll sign the judgment. So I guess that won't be until next week when they get me that information.

The judgment and commitment order entered by the Magistrate Judge on January 26, 1996 includes as conditions of supervised release that Leaphart not open new lines of credit without notifying the Probation Office, that he make restitution and that he correspond with the District Court. However, it does not include as a condition of supervised release any form of home detention, curfew or "supervised confinement."

### DISCUSSION

#### A. *Term of Supervised Release*

■ The two year term of supervised release imposed on Leaphart exceeds the maximum term to which he can be sentenced. Because Leaphart failed to appear in connection with a sentence for a misdemeanor, he faced only a misdemeanor charge for failing to appear. *See* 18 U.S.C. § 3146(b)(1)(A)(iv). The maximum term of supervised release that can be imposed in connection with a misdemeanor conviction is one year. 18 U.S.C. § 3583(b)(3).

#### B. *Conditions of Supervised Release*

Based on our review of the transcript of the sentencing hearing and the terms of the judgment and commitment order, we conclude that the Magistrate Judge did not impose any type of home detention as a condition of supervised release. Though . the Magistrate Judge did explore with defense counsel and the probation officer the possibility of restricting Leaphart to his home, no condition of home detention appears in the judgment and commitment order.

■ Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment. U.S.S.G. § 5B1.4(b)(20). *See* U.S.S.G. § 5F1.2. Here, the Magistrate Judge decided to sentence Leaphart to the maximum possible term of imprisonment. Having made that decision, she could not also sentence him to home detention. Accordingly, Leaphart is not subject to any form of home detention during his term of supervised release.

#### C. *Aggregation of Sentences*

Leaphart asked the Magistrate Judge to "affirm" that his sentence for failure to appear should be aggregated with his previous sentence for bank theft. Aggregating the two sentences would enable Leaphart to earn credit toward service of his sentence for satisfactory behavior pursuant to 18 U.S.C. § 3624, which limits eligibility for such credit to inmates serving terms of imprisonment exceeding one year. The Magistrate Judge correctly declined Leaphart's request because he is not subject to multiple terms of imprisonment that can be aggregated.[2]

■ Aggregation of sentences is permitted only if multiple terms of imprisonment are imposed on a defendant at the same time or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment. *See* 18 U.S.C. § 3584(a). When Leaphart was given his sentence of twelve months' imprisonment

---

2. In its brief, the government urged that Leaphart should be required to present his claim of eligibility for sentencing credit to the Federal Bureau of Prisons before seeking relief in court.

In view of the shortness of time remaining on his sentence, we have decided to address the issue on the merits.

on the failure to appear conviction, he had already completed serving his sentence of 90 days' imprisonment on the bank theft conviction. He remained incarcerated after completing that sentence only because he was detained pending resolution of his bail-jumping case. Because the first sentence expired before the second sentence was imposed, the two sentences cannot be aggregated. *See Abrahams v. Rodgers,* 691 F.2d 87, 88 (2d Cir.1982) (aggregation cannot occur retroactively by a sentence subsequently imposed).[3]

### CONCLUSION

For the reasons stated, the judgment is reversed in part and the case is remanded for further proceedings consistent with this opinion.

---

**3.** *Abrahams* was decided prior to the adoption of the Sentencing Guidelines and 18 U.S.C. § 3584(c), which replaced the statutory sections cited in *Abrahams.* However, § 3584(c) man-

dates the same method for calculating prison time as the statute interpreted in *Abrahams* and there is no indication that Congress intended to permit aggregation to occur retroactively.