13-790-cr
United States v. Tourloukis

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of March, two thousand fourteen.

PRESENT:  BARRINGTON D. PARKER,
     GERARD E. LYNCH,
     CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

    v.               No.  13-790-cr

THOMAS TOURLOUKIS,

        *Defendant - Appellant.*

_____

FOR APPELLANT:     Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, New York.

FOR APPELLEE:     Saritha Komatireddy (Emily Berger, *on the brief*), Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Thomas Tourloukis ("Tourloukis") appeals from an amended judgment entered on March 21, 2013, in the United States District Court for the Eastern District of New York (Sandra L. Townes, *Judge*), convicting him, upon his plea of guilty, of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), and imposing sentence. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

As part of his plea agreement, Tourloukis agreed "not to file an appeal or otherwise challenge . . . the conviction or sentence in the event that the court imposes a term of imprisonment of 51 months or below." The district court sentenced Tourloukis to fifty months' imprisonment, three years of supervised release, and a $100 special assessment. As a condition of supervised release, the district court ordered that six months of that term be spent subject to conditions that required Tourloukis to remain in his residence from 7 a.m. to 7 p.m. each day, to be enforced through electronic monitoring, pursuant to 18 U.S.C. § 3563(b)(19). See also 18 U.S.C. § 3583(d). We refer to that condition as "home confinement." Tourloukis appeals his sentence, contending that the district court's imposition of a six-month period of home confinement, in addition to a fifty-month term of imprisonment, violated the court's obligation to "impose a sentence sufficient, but not greater than necessary" to comply with the purposes of sentencing, id. § 3553(a), and the requirement that such home

2

confinement should be imposed "only as an alternative to incarceration," id. §

3563(b)(19). The Government responds that Tourloukis's agreement to waive his

appellate rights bars his challenge to his sentence, and that, in any event, his sentence is

procedurally reasonable. We conclude that Tourloukis is not barred from bringing this

appeal, but, finding his challenge to his sentence to be without merit, we affirm the

judgment of the district court.

I.      Appellate Waiver

"Waivers of the right to appeal a sentence are presumptively enforceable." United

States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). Nonetheless, we "apply appeal-waiver

provisions narrowly and construe them strictly against the Government, in recognition of

the fact that prosecutors' bargaining power generally exceeds that of defendants and that

the government typically drafts such agreements." United States v. Oladimeji, 463 F.3d

152, 157 (2d Cir. 2006) (internal quotation marks omitted). Consistent with this practice,

we have repeatedly interpreted appeal-waiver provisions to preserve the right of appeal

where the aspect or component of the sentence challenged on appeal does not

unambiguously fall within the appeal waiver's scope.[1]

---

[1] See, e.g., United States v. Pearson, 570 F.3d 480, 485 (2d Cir. 2009) (interpreting agreement to waive defendant's right to "appeal his conviction and any sentence incorporating" an order to pay restitution in "full" not to waive an "appeal of possible errors in the determination of what amount constitutes full restitution" (internal quotation marks omitted)); United States v. Cunningham, 292 F.3d 115, 116 (2d Cir. 2002) (interpreting waiver provision agreeing "not to file an appeal or otherwise challenge his conviction or sentence in the event that the Court imposes the sentence [of time served]" not to bar appeal of the length of supervised release); United States v. Ready, 82 F.3d 551, 554, 558 (2d Cir. 1996) (interpreting provision "knowingly and expressly waiv[ing]

Tourloukis argues that his agreement not to appeal his sentence if the district court imposed a term of imprisonment of fifty-one months or below does not bar his present appeal because, by imposing six months of home confinement in addition to fifty months of imprisonment, the district court effectively imposed a term of imprisonment of fifty-six months. In support of this argument, Tourloukis notes that 18 U.S.C. §§ 3583(d) and 3563(b)(19) permit a district court to impose home confinement as a condition of supervised release "only as an alternative to incarceration." He relies on a number of cases from other courts of appeals[2] that hold, or suggest, that the term of home confinement and term of imprisonment, when added together, cannot exceed the

all rights . . . to appeal whatever sentence is imposed, . . . reserving only the right to appeal from a sentence resulting from an adjusted base offense level of greater than twenty-three" not to waive appeal of "an illegally imposed restitution penalty").

[2] See United States v. Marcano, 525 F.3d 72, 74 (1st Cir. 2008) (acknowledging that there is a "colorable argument that the district court could not have imposed a period of incarceration and supervised release involving home confinement in excess of two years, the statutory maximum"); United States v. Ferguson, 369 F.3d 847, 850 (5th Cir. 2004) (holding that, under 18 U.S.C. § 3583, "after sentencing [the defendant] to twenty-three months' incarceration, the [district] court could only sentence him to one month of home detention without violating the two-year statutory maximum term"); United States v. Boecker, 280 F.3d 824, 826 (8th Cir. 2002) (suggesting in dictum that sentencing court could have sentenced defendant to twenty-one months in prison, but not to the statutory maximum term of imprisonment of twenty-four months, because the defendant had already served three months of home detention). But see United States v. Polydore, 493 F. App'x 496, 499 (5th Cir. 2012) (rejecting argument that "home detention is a term of imprisonment for the purposes of calculating the maximum term of supervised release that may be imposed upon revocation" under 18 U.S.C. § 3583(h) (emphasis omitted)); United States v. Hager, 288 F.3d 136, 137 (4th Cir. 2002) (rejecting argument that because "home confinement 'may be imposed only as an alternative to incarceration' [under 18 U.S.C. § 3563(b)(19)], home confinement is equivalent to prison for the purpose of providing credit against the maximum allowable term of imprisonment" under § 3583(e)(3)).

4

maximum allowable term of imprisonment, implicitly treating each day of home confinement as "an alternative to" a corresponding day of imprisonment that the district court lawfully could have imposed.[3]

We need not decide whether each month of home confinement is equivalent for all purposes to exactly one month of imprisonment, because, construing the appeal waiver "narrowly" and "strictly against the Government," Oladimeji, 463 F.3d at 157 (internal quotation marks omitted), we conclude that the appellate waiver in Tourloukis's plea agreement does not unambiguously preclude Tourloukis from challenging the home confinement condition imposed on a portion of his term of supervised release.

Oladimeji is directly on point. There, we construed a defendant's agreement not to appeal or challenge his "conviction or sentence . . . in the event that the Court imposes a total term of imprisonment of 114 months . . . or below" to permit the defendant to appeal

---

[3]Tourloukis also cites our decision in United States v. Leaphart, 98 F.3d 41 (2d Cir. 1996), as suggesting that fifty months of imprisonment plus six months of home confinement equals fifty-six months of imprisonment. Leaphart, however, does not directly address whether each month of home confinement is equivalent to a month of imprisonment. In Leaphart, the magistrate judge imposed the statutory maximum term of imprisonment, but it was unclear whether the judge had also intended to impose a term of home confinement. After reviewing the transcript of the sentencing hearing and the terms of the judgment and commitment order, we concluded that the magistrate judge had not imposed such a term of home confinement. As one support for our conclusion, we noted that the sentencing guidelines permit home detention as a condition of supervised release "only as a substitute for imprisonment." Id. at 43 (citing U.S.S.G. § 5B1.4(b)(20)). Because the magistrate judge had imposed the "maximum possible term of imprisonment . . . she could not also sentence [the defendant] to home detention." Id. Under the circumstances, there was *no* additional period of imprisonment for which home detention could serve as a substitute. We therefore had no occasion to address whether each month of home confinement should be seen as equivalent to a month, or perhaps some lesser period, of incarceration.

5

the restitution order.  Id. at 153.  We explained that although the restitution order was "[w]ithout doubt" a component of defendant's sentence, it was not "self-evident" that the plea agreement, which focused only on defendant's term of imprisonment, was intended to waive appellate review of any restitution that the court might order.  Id. at 156.

Although the word "sentence" can be broadly construed to include a term of supervised release, as well as a term of imprisonment, it is also commonly used to refer simply to the latter.  Elsewhere in the instant plea agreement, for instance, the government agreed to "take no position concerning where within the Guidelines range determined by the Court the *sentence* should fall."  J. Appx. 19 (emphasis supplied).  The use of the word sentence in that provision suggests that the parties intended the narrower definition of the word as referring to the term of imprisonment rather than all components of the judgment. Because Tourloukis's challenge to the home confinement condition is not unambiguously precluded by the appellate waiver in his plea agreement, we will consider whether that component of his sentence was lawful.

II.     The Home Confinement Condition

"We review all sentences using a deferential abuse-of-discretion standard."  United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010).  Additionally, because Tourloukis did not object to the home confinement condition during sentencing, we review the district court's imposition of that condition for plain error.  See United States v. Doe, 741 F.3d 359, 364 (2d Cir. 2013).  In reviewing a sentence for procedural unreasonableness, the court considers whether the district court committed a procedural error "such as failing to

6

calculate (or improperly calculating the Guidelines range), treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Dorvee, 616 F.3d at 179.

Tourloukis argues that the imposition of a home confinement condition for six months, in addition to fifty months of imprisonment, violated the parsimony clause of § 3553(a), which instructs a court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). Tourloukis does not ask us to decide that the six additional months of home confinement made the sentence substantively unreasonable because it was not in fact necessary for any legitimate purpose of sentencing. Rather, he contends that the district court itself believed that fifty months' imprisonment was sufficient to satisfy the purposes of sentencing, but that it then proceeded to impose what is, in Tourloukis' view, an effective term of imprisonment of fifty-six months – a sentence that is, *a fortiori,* "greater than necessary" to serve the purposes of sentencing. Similarly, he attributes his sentence to the district court's purported unawareness of the fact that, under § 3563(b)(19), home confinement may be imposed "only as an alternative to incarceration."

Tourloukis has failed to demonstrate that the district court plainly erred. Contrary to Tourloukis's argument, the district court did not state that fifty months' imprisonment, without an additional period of home confinement, was sufficient to comply with the purposes of sentencing described in § 3553(a). Rather, the district judge, in addition to

7

noting that she had originally considered imposing a sentence at the top of the recommended guideline range, expressly stated that she viewed "the sentence [she was] about to impose" – which included the term of imprisonment, the period of supervised release subject to certain conditions, and the special assessment – as sufficient to satisfy the goals of sentencing.  Furthermore, Tourloukis offers no reason to believe that the district court was under the misimpression that it could impose the home confinement condition in any way other than "as an alternative to incarceration."  18 U.S.C. § 3563(b)(19).  The statutory maximum term of imprisonment for Tourloukis's crime is ten years,  18 U.S.C. § 924(a)(2), and Tourloukis's Guidelines range was forty-six to fifty-seven months' imprisonment.  Thus, nothing about Tourloukis's sentence suggests that the district court ignored the instruction that the home confinement condition of supervised release should be imposed "only as an alternative to incarceration."  A sentence of fifty months in prison, plus six months of  home confinement, is plainly a less restrictive alternative to the entirely lawful sentence of fifty-seven months of imprisonment that the district court had considered imposing.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court