13-1530-cr
*United States v. Haynesworth*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 4th day of June, two thousand fourteen.

Present:     ROBERT A. KATZMANN,
                    *Chief Judge*,
             JOHN M. WALKER, JR.,
             CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

             *Appellee*,

             - v -                                    No. 13-1530-cr

ROY HAYNESWORTH,

             *Defendant-Appellant.*

_____

For Appellee:                  SAMUEL P. NITZE (Jo Ann M. Navickas, *on the brief*),
                               Assistant U.S. Attorneys, *for* Loretta E. Lynch, U.S.
                               Attorney for the Eastern District of New York, Brooklyn,
                               NY

For Defendant-Appellant:       COLLEEN PATRICIA CASSIDY, Assistant Federal Defender,
                               Federal Defenders of New York, Inc., New York, NY

1

Appeal from the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.[1]

Defendant–Appellant Roy Haynesworth appeals from a judgment of conviction and sentence imposed on April 18, 2013, by the U.S. District Court for the Eastern District of New York (Kuntz, *J.*), after that court denied Haynesworth's motion to suppress evidence in an order dated July 24, 2012. Haynesworth was found guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court sentenced him to 96 months of imprisonment and three years of supervised release. It imposed a curfew as a special condition of the first six months of Haynesworth's term of supervised release. We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

Haynesworth argues that the district court clearly erred in finding that he was incredible and crediting the officers' version of the events that led to his arrest. "'A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Ferguson*, 702 F.3d 89, 93 (2d Cir. 2012) (quoting *United States v. Sash*, 396 F.3d 515, 521 (2d Cir. 2005)). We find no such mistake here. Haynesworth's statements at the suppression hearing could reasonably be read as contradicting his own prior statements and his criminal record, while the officers' statements were generally consistent about material facts. Therefore, the district court did not clearly err in crediting the officers' account of the relevant events rather than Haynesworth's version. *See Ceraso v. Motiva Enters.*, 326 F.3d 303, 316 (2d

---

[1] Judge Droney does not join in this summary order disposition and would reverse the district court's denial of the defendant's motion to suppress.

Cir. 2003) ("In reviewing findings for clear error, we are not allowed to second-guess either the trial court's credibility assessments or its choice between permissible competing inferences.").

Haynesworth also challenges the district court's finding that reasonable suspicion supported the officers' decision to stop him as part of their pursuit of thieves that had just fled the scene of a larceny in the immediate vicinity. He argues that, even if the officers had relied on the multiple factors identified by the district court—Haynesworth's partial match to the description of the suspect, his behavior, and his proximity to the crime scene—the totality of the circumstances did not give rise to reasonable suspicion. While we consider this to be a close case, we ultimately disagree. Haynesworth makes sound arguments against the import of each factor on its own, but we agree with the district court's conclusion that these factors, taken together, gave rise to reasonable suspicion. Contrary to Haynesworth's argument, *United States v. Swindle*, 407 F.3d 562, 569 -70 (2d Cir. 2005), is distinct in important ways. The officers who stopped Swindle were not, as is the case here, searching for a suspect near the scene of a recent crime. Moreover, Haynesworth acted in a way that could reasonably be viewed as evasive before the officers ordered him to stop, which was not the case in *Swindle*. Viewing the circumstances as a whole, we agree that Haynesworth's partial match to the Rite Aid manager's description of the thieves, Haynesworth's geographic proximity to a crime committed only minutes earlier, and his perceived evasive behavior were collectively sufficient to provide reasonable suspicion. *See United States v. Bailey*, 743 F.3d 322, 335 (2d Cir. 2014) (emphasizing that the relevant circumstances must be viewed as a whole).

Haynesworth also argues that the officers in fact only relied on the partial match to the description, and not on the other factors that the district court found relevant. However, "we judge the reasonableness of an officer's actions based on the objective circumstances

3

surrounding her actions and not on her subjective intent." *United States v. Dhinsa*, 171 F.3d 721, 725 (2d Cir. 1998). Even if the officers had been primarily motivated by the partial match to the description, that would not affect our determination that reasonable suspicion existed.

Haynesworth also challenges the imposition of his sentence. He first contends that the district court erred in its § 3553(a) analysis by "refus[ing] to consider the impact of Mr. Haynesworth's extraordinarily difficult childhood because the sentencing judge's father had had a difficult childhood and succeeded in overcoming it far better than Mr. Haynesworth," Br. for Defendant-Appellant at 50, and failing to conduct an individualized assessment. The record shows no such procedural error. On the contrary, the transcript of the sentencing hearing shows that the district court considered the § 3553(a) factors, and decided to give significant weight to the danger that Haynesworth's offense created in the community; this decision is well explained and hews closely to the defendant's individual case. Accordingly, the district court did not err in analyzing the § 3553(a) factors. *See United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008) (en banc) (explaining that the weight that the district court places on a particular factor need not be the weight that this Court would assign, so long as "the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case.").

In his final challenge, Haynesworth contends that the curfew condition imposed by the district court constitutes a term of home confinement that should be viewed as incarceration for sentencing purposes. Based on this proposition, he argues that the six-month period of curfew, in addition to his 96-month term of imprisonment, brings his total sentence of incarceration to 102 months, which is above the sentence recommended by the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G."). Haynesworth's argument is predicated on his assumption that this condition was imposed pursuant to 18 U.S.C. § 3563(b)(19), which allows a

4

district court to require that the defendant "remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephonic or electronic signaling devices, except that a condition under this paragraph may be imposed only as an alternative to incarceration." In his view, because the district court did not recognize that it was imposing an above-Guidelines sentence or explain why it chose to do so, it committed a procedural error that warrants resentencing.

Since Haynesworth did not raise this objection below, the plain error standard of review applies. *See United States v. Gomez*, 705 F.3d 68, 75 (2d Cir. 2013). For an error to be "plain," it "must be so obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'" *United States v. Wagner-Dano*, 679 F.3d 83, 94 (2d Cir. 2012) (quoting *United States v. Frady*, 456 U.S. 152, 163 (1982)). "A reviewing court typically will not find such error where the operative legal question is unsettled." *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) (finding that the law was not "plain" where there was no precedent from this Circuit or the Supreme Court).

Haynesworth argues that the district court plainly erred under our decision in *United States v. Leaphart*, 98 F.3d 41, 42-43 (2d Cir. 1996). In *Leaphart*, the magistrate judge had imposed the statutory maximum term of imprisonment, plus a two-year term of supervised release. *Id.* at 42. The record was unclear as to whether the magistrate judge had also intended to impose a term of home confinement. *Id.* at 43. After reviewing the transcript of the sentencing hearing and the terms of the judgment and commitment order, we found no indication that the magistrate judge had actually imposed such a term of home confinement. We noted that, because the magistrate judge had imposed the "maximum possible term of imprisonment . . . she could not also sentence [the defendant] to home detention." *Id.* at 43 (citing U.S.S.G. §

5

5B1.4(b)(20)). According to Haynesworth, this statement makes it clear that any term of supervised release that carries conditions under § 3563(b)(19) must be counted as a term of incarceration. However, *Leaphart* is distinct in important ways. It involved a sentence of home detention and an interpretation of the Guidelines; it did not involve the statute on which Haynesworth's challenge is based nor did it involve curfew, the condition imposed in this case.[2] Accordingly, even if Haynesworth were correct that his term of curfew would be considered home detention within the meaning of § 3563(b)(19), and that home detention imposed under § 3563(b)(19) should be counted as incarceration for the purpose of Guidelines calculations, any error would not have been plain under *Leaphart*. *See Wagner-Dano*, 679 F.3d at 94.

We have considered Haynesworth's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

[2] We do not decide whether, as the government argues, this statement in *Leaphart* was dicta. We note, however, that the government in that case conceded that "because [the judge] sentenced Leaphart to the maximum possible term of incarceration, she could not also sentence Leaphart to home detention" since "[h]ome detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment." Appellee's Br., *United States v. Leaphart*, 98 F.3d 41, (No. 96-1021),1996 WL 33662555, at *7 (2d Cir. Mar. 29, 1996).