United States v. Blackwell

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of June, two thousand sixteen.

PRESENT: DENNIS JACOBS,
            DENNY CHIN,
            CHRISTOPHER F. DRONEY,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
      <u>Appellee</u>,

      -v.-                              15-1031

TAYSHAWN BLACKWELL, a/k/a JAYVON POPE,
      <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:             Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY.

FOR APPELLEE:             Benet Kaerney (with Karl Metzner <u>on the brief</u>), Assistant United States Attorneys, for Preet Bharara, United States Attorney

for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Keenan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Tayshawn Blackwell appeals from a sentence and judgment of conviction of the United States District Court for the Southern District of New York (Keenan, J.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

1. Blackwell argues that curfew (as a condition of probation) and incarceration are equivalent for sentencing purposes. He argues that the 36-month period of probation with curfew, in addition to his 36–month term of imprisonment, brings his total sentence of incarceration to 72 months, which violated the parsimony clause that a sentence be "sufficient, but not greater than necessary." See 18 U.S.C. § 3553(a).

The Government argues that Blackwell waived this challenge to his curfew in his plea agreement. Appellate waivers are applied "narrowly," and we construe them "strictly against the Government." United States v. Oladimeji, 463 F.3d 152, 157 (2d Cir. 2006). The waiver here does not unambiguously preclude defendant from challenging the curfew condition imposed on his supervised release, and so we will consider the argument on its merits. See United States v. Tourloukis, 558 F. App'x 112, 114 (2d Cir. 2014) (summary order).

Since Blackwell did not raise this objection below, we review for plain error. See United States v. Gomez, 705 F.3d 68, 75 (2d Cir. 2013). For an error to be "plain," it "must be so obvious that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'" United States v. Wagner–Dano, 679 F.3d 83, 94 (2d Cir. 2012) (quoting United States v. Frady, 456 U.S. 152, 163 (1982)). "A reviewing court typically will not find such error where the operative legal question is unsettled." United States v. Weintraub, 273 F.3d 139, 152 (2d Cir. 2001) (finding that

2

the law was not "plain" where there was no precedent from this Circuit or the Supreme Court).

Blackwell relies on United States v. Leaphart, 98 F.3d 41, 42–43 (2d Cir. 1996), however that case did not hold that home detention and a curfew condition are equivalent. The Sentencing Guidelines explicitly distinguish between the two: U.S.S.G. § 5D1.3(e)(2) refers to "home detention" (and specifies that it can only be imposed as a condition of supervised release as a "substitute for imprisonment," and § 5D1.3(e)(5) refers to "curfew" with no such qualification, defining it as "restricting the defendant to his place of residence during evening and nighttime hours." At some point, it stands to reason that a curfew condition would be the functional equivalent of home detention. However, the length of curfew at issue here (the mostly sleeping hours from 9 p.m. until 6 a.m.) does not compel an inference of home confinement; so in this case we need not reach the issue of when, and under what conditions, curfew is equivalent to home detention. See also United States v. Haynesworth, 568 F. App'x 57, 60-61 (2d Cir. 2014) (summary order) (rejecting argument that curfew was equivalent to home detention for sentencing purposes).

2. Blackwell argues that pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015), and Johnson v. United States, 559 U.S. 133 (2010), neither of his state robbery convictions are "crimes of violence" as that term is defined in the Guidelines, and that his Guidelines range was therefore erroneously calculated. Unlike Blackwell's curfew argument, this argument is foreclosed by his appellate waiver.

"Waivers of the right to appeal a sentence are presumptively enforceable." United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). A defendant "who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence" may not "then appeal the merits of a sentence conforming to the agreement." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). The plea agreement stipulated that Blackwell "committed the instant offense subsequent to sustaining one felony conviction for a crime of violence."[1]

---

[1] A second robbery conviction was discovered while the Pre-Sentence Investigation Report was being prepared,

3

App'x at 10. That stipulation resulted in a Guidelines range of 30 to 37 months under the terms of the plea agreement. Id. at 11. At sentencing, the district court decided to follow the plea agreement and sentenced Blackwell to 36 months imprisonment. Because Blackwell's sentence conformed to his plea agreement, he received the benefit of that agreement and he has waived any challenge to his sentence on the basis of Johnson. See United States v. Morgan, 406 F.3d 135, 137 (2d Cir. 2005) (holding that the "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver. On the contrary, the possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.").

For the foregoing reasons, and finding no merit in Blackwell's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

and this conviction was considered at sentencing in calculating the applicable Guidelines range. However, the district court (without specifying whether it was a variance or a departure) decided to impose a sentence that fell within the lesser Guidelines range contained in the plea agreement, which relied upon only one prior conviction for robbery. Because Blackwell was sentenced within the Guidelines range contained in the plea agreement, he cannot prevail on a Johnson claim for the second robbery conviction, which was never counted against him in arriving at his sentence.

4