17-2358
United States of America v. Sanchez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION
TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED
AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS
COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT
FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX
OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A
PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY
NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals
for the Second Circuit, held at the Thurgood Marshall United
States Courthouse, 40 Foley Square, in the City of New York,
on the 19th day of July, two thousand eighteen.

PRESENT:
　　　　　DENNIS JACOBS,
　　　　　REENA RAGGI,
　　　　　PETER W. HALL,
　　　　　　　　Circuit Judges.
_____

UNITED STATES OF AMERICA,
　　　　　Appellee,

　　　　　-v.-　　　　　　　　　　　　　　17-2358

ERICK SANCHEZ,
　　　　　Defendant-Appellant,

PABLO MARIZAN,
　　　　　Defendant.
_____

FOR DEFENDANT-APPELLANT:　　Daniel Habib, Federal Defenders
　　　　　　　　　　　　　　　of New York, Inc., New York, NY.

1

**FOR APPELLEE:**                    Michael Krouse and Michael D.
                                     Maimin, Assistant United States
                                     Attorneys, for Geoffrey S.
                                     Berman, United States Attorney
                                     for the Southern District of New
                                     York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Erick Sanchez appeals from a judgement of the United States District Court for the Southern District of New York (Sullivan, J.) revoking his term of supervised release and sentencing him to two years' imprisonment, as well as an additional year of supervised release with the special condition of a curfew from 9:00 p.m. to 7:00 a.m. Sanchez challenges only the curfew component of the revocation sentence. Although Sanchez objected to a home detention condition initially contemplated (but not imposed) by the district court, he did not specifically object to the imposition of a curfew, despite the district court's mentioning that condition during the sentencing hearing and later soliciting the government's view as to its permissibility during post-hearing briefing. Because we conclude that Sanchez had the opportunity but did not raise a curfew challenge below, our review is for plain error. See United States v. Dupes, 513 F.3d 338, 343 (2d Cir. 2008). Applying that standard of review, we conclude that Sanchez is not entitled to relief.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

---

[1] Even if we determined that the circumstances giving rise to this appeal warranted application of "a 'relaxed' form of plain error review," United States v. Matta, 777 F.3d 116, 121 (2d Cir. 2015), we would still conclude that Sanchez is not entitled to relief.

2

Sanchez's revocation sentence arose from his earlier sentence for conspiracy to commit access device fraud. See 18 U.S.C. § 1029(b)(2). Sanchez pleaded guilty to that offense and was sentenced (by the same judge who imposed the revocation sentence) to 30 months' imprisonment, plus three years' supervised release. As a condition of that supervised release, Sanchez was required to "not commit another . . . crime." App'x at 24. The district court found (and Sanchez does not contest on appeal) that Sanchez committed at least ten additional crimes while on supervised release. The revocation sentence followed.

Sanchez concedes that the district court was permitted to impose the statutory maximum revocation sentence of two years' imprisonment and one year of supervised release; he contends only that the court was precluded from supplementing that sentence with the special condition of a curfew. Sanchez argues that the curfew constitutes a condition requiring him to "remain at his place of residence during nonworking hours," within the meaning of 18 U.S.C. § 3563(b)(19), and that the statute permits its imposition "only as an alternative to incarceration." Relying on our observation in United States v. Leaphart, 98 F.3d 41 (2d Cir. 1996), that a district court imposing the maximum possible term of imprisonment "[can]not also sentence [a defendant] to home detention . . . during his term of supervised release," id. at 43, Sanchez urges error by the district court in ordering a curfew after imposing the two-year maximum incarceratory sentence.

This court has never held that § 3563(b)(19) encompasses a curfew condition, nor has it ever recognized home detention and a curfew as "equivalent" for sentencing purposes. United States v. Blackwell, 651 F. App'x 8, 9 (2d Cir. 2016) (summary order). On the contrary, we have noted that the Sentencing Guidelines "explicitly distinguish between the two," id. (citing U.S.S.G. § 5D1.3(e)(2) & (5)), and no superseding statute or precedent equates them. On plain error review, for an error to be "plain," it must, "at a minimum, be clear under current

3

law," United States v. Weintraub, 273 F.3d 139, 152 (2d Cir. 2001) (internal quotation marks omitted), and we "typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court," United States v. Whab, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted).  Accordingly, insofar as Sanchez urges error here, it was not plain and, thus, the curfew condition stands.

We have considered Sanchez's remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4