*U.S. v. Figueroa*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand nineteen.

PRESENT:

> ROBERT D. SACK,
> REENA RAGGI,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

—————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> > v.                                                                  No. 17-3206

EDWIN FIGUEROA,

> *Defendant-Appellant.*

—————————————————————————

FOR APPELLANT:                         STEVEN Y. YUROWITZ, Esq., New York, NY.

FOR APPELLEE:                          MONICA J. RICHARDS, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *C.J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 27, 2017, is **AFFIRMED IN PART** and the sentence is **VACATED IN PART** and the cause is **REMANDED IN PART** for resentencing.

Edwin Figueroa appeals from that part of a judgment sentencing him to 30 months' supervised release for violating supervision conditions imposed as part of an amended sentence for his 2005 firearms conviction.

Originally sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to 18 years in prison, and five years of supervised release, Figueroa successfully moved to vacate that sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) ("*Johnson 2015*"). *See* Dist. Ct. Dkt. 127, No. 4-CR-6106, (Apr. 19, 2016 Amended Judgment). Because Figueroa had by then been imprisoned for approximately two years more than the statutory maximum for non-ACCA convictions, he was resentenced for his 2005 conviction to time served, to be followed by three years of supervised release.

Since resentencing, Figueroa has violated the terms of his supervised release on several occasions, prompting imposition of a five-month prison term (now completed) and the 30-month supervision term challenged on this appeal. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm in part and remand in part for resentencing.

Figueroa argues that the challenged 30-month term of supervised release violates 18 U.S.C. § 3583(h). Figueroa specifically faults the District Court for failing to credit him with (1) 14 days spent in detention, in May 2017, while awaiting admission to a residential reentry center, and (2) 90 days, in March 2017, during which he was subject to a curfew condition. Figueroa asserts that resentencing is further warranted by the District Court's failure to

consider time above the statutory maximum that he spent in custody before securing vacatur of his original sentence.

We review supervised release components of a sentence for "reasonableness." *United States v. Lewis*, 424 F.3d 239, 243 (2d Cir. 2005). Because Figueroa did not object contemporaneously to the term of supervised release imposed in September 2017, our reasonableness review is limited to plain error. *United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014). No such error is evident here.

A district court may revoke supervised release and impose in its stead a period of incarceration on a preponderance finding that the defendant "violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Section 3583(h) caps the term of supervised release that may be imposed in such circumstances:

> The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

18 U.S.C. § 3583(h). In other words, to calculate the maximum imposable term of supervised release, the District Court must tally "all post-revocation terms of imprisonment imposed as a result of the same underlying offense," and subtract that number from the maximum term of supervised release established by the statute. *Rodriguez*, 775 F.3d at 536. The parties do not dispute that the statutory maximum term of supervised release authorized here is three years. *See* 18 U.S.C. § 3583(b)(2); 18 U.S.C. § 3559(a)(3). Figueroa, however, argues that the District Court should have credited against those three years the 14 days he spent in prison after being sentenced to time served while awaiting admission to a residential reentry center. While not exactly conceding the point, the government consents to a remand for the limited purpose of entering an amended judgment that reflects that 14-day reduction. *Rodriguez* supports treating the 14-day period as a "term of imprisonment" under § 3583(h). *See Rodriguez*, 775 F.3d at 536–37. Further, the government represents that the Bureau of Prisons "would likely give credit for" the 14 days "were it relevant to calculating the remainder of a

3

term of imprisonment." Appellee's Br. 15. Accordingly, we vacate the supervision component of Figueroa's sentence and remand for the District Court to enter an amended judgment reducing Figueroa's three-year term of supervised release by 14 days.

Figueroa is not, however, entitled to a credit for the 90 days when he was subject to a 9:00 pm to 7:00 am curfew. Figueroa analogizes curfew to home confinement, which "may be imposed as a condition of . . . supervised release . . . only as a substitute for imprisonment." *United States v. Leaphart*, 98 F.3d 41, 43 (2d Cir. 1996). But nothing in *Leaphart* or any other case equates a reasonable, limited curfew to home confinement, much less imprisonment as necessary to demonstrate plain error. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) ("For an error to be plain, it must, at a minimum, be clear under current law." (internal quotation marks omitted)). Indeed, the Sentencing Guidelines explicitly distinguish between home detention and curfew. *See* U.S.S.G. § 5D1.3(e)(2), (5). Thus, even if curfew might resemble home confinement for the limited time imposed, that timeframe here—from 9:00 pm to 7:00 am—did not effect a deprivation of liberty akin to incarceration.

Figueroa further urges error in the District Court's failure to consider reducing his term of supervised release in light of the additional prison time he served under his 2005 conviction before vacatur. The argument is defeated by Supreme Court precedent, which instructs that when a defendant has remained incarcerated beyond his lawful prison term, a reduction in his ensuing term of supervised release is not automatic, but a matter of district court discretion. *See United States v. Johnson*, 529 U.S. 53, 60 (2000) ("*Johnson 2000*"); *accord United States v. Barresi*, 361 F.3d 666, 675 (2d Cir. 2004). Figueroa concedes as much in his brief to this court.

The record shows that the District Court here recognized that Figueroa had over-served his original sentence, but concluded that fact did not give him "a free pass" to violate supervised release. App'x 38. This indicates that the challenged sentence represents an exercise of discretion, not an oversight. Thus, we identify no error. Nevertheless, we do not foreclose the District Court on remand from entertaining a motion from Figueroa to reduce

4

his term of supervised release "as it sees fit" in light of time over-served on his 2005 conviction. *Johnson 2000*, 529 U.S. 53 at 60.

* * *

We have considered Figueroa's remaining arguments and conclude that they are without merit. The District Court's judgment is **AFFIRMED IN PART** and the sentence is **VACATED IN PART** and the cause is **REMANDED IN PART** for resentencing as provided in this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5