20-2185-cr
United States v. Ortiz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of June, two thousand twenty-one.

PRESENT:   RAYMOND J. LOHIER, JR.,
                    WILLIAM J. NARDINI,
                           *Circuit Judges*,
                    JOHN P. CRONAN,
                           *Judge.**

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    v.                                                    20-2185-cr

MOISES ORTIZ, AKA MO,

                    *Defendant-Appellant*.

_____

―――――――――――――

\* Judge John P. Cronan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:        James P. Egan, Assistant
                                Federal Public Defender, *for*
                                Lisa A. Peebles, Federal Public
                                Defender, Office of the Federal
                                Public Defender for the
                                Northern District of New York,
                                Syracuse, NY


FOR APPELLEE:                   Paul D. Silver, Assistant
                                United States Attorney, *for*
                                Antoinette T. Bacon, Acting
                                United States Attorney for the
                                Northern District of New York,
                                Albany, NY

Appeal from a judgment of the United States District Court for the

Northern District of New York (Mae A. D'Agostino, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is REMANDED.

Moises Ortiz appeals from a judgment of the District Court (D'Agostino, J.)

imposing a sentence of 27 months' imprisonment and a six-month term of home

detention, to be served on a date and under conditions set by Ortiz's probation

officer, as a special condition of supervised release following his violation of

previously imposed conditions of supervised release.  On appeal, Ortiz

2

challenges the home detention condition as procedurally unreasonable.  We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to remand the case to the District Court.

We review a district court's sentencing decision for procedural reasonableness "under a deferential abuse-of-discretion standard."  United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).  A sentencing court makes a procedural error if, among other things, it "fails adequately to explain its chosen sentence," including "any deviation from the Guidelines range."  Id. at 190 (quotation marks omitted).  "Where, as here, a defendant does not object at sentencing to a district court's failure to explain its reasoning, we review the procedural challenge for plain error."  United States v. Smith, 949 F.3d 60, 66 (2d Cir. 2020).

Ortiz argues that the District Court committed plain error — under either a "relaxed" or traditional plain error standard — when it failed to deduct at least some portion of his six-month term of home detention from the 27-month term of incarceration imposed after the revocation of his original term of supervised

3

release.  We disagree.  The applicable Guidelines range for Ortiz's violation of supervised release was a term of imprisonment of 21–27 months, and the statutory maximum was a 60-month term of imprisonment.  The Sentencing Guidelines provide that "[h]ome detention may be imposed . . . only as a substitute for imprisonment."  U.S.S.G. § 5D1.3(e)(2).  Thus, we have held that the combined terms of imprisonment and home detention may not exceed the statutory maximum because there is no additional period of imprisonment for which home detention could serve as a substitute.  See United States v. Leaphart, 98 F.3d 41, 43 (2d Cir. 1996).  But this Court has yet to determine if any limits exist on a district court's discretion to impose a term of home detention where, as here, the total period of imprisonment plus the ensuing period of home confinement — 33 months —does not exceed the statutory maximum term of imprisonment — 60 months.

Ortiz also argues that the District Court should have better explained why it was imposing an "above-Guidelines" sentence or why a curfew could not have been imposed in lieu of home detention.  We disagree that the District Court's justification was error, let alone plain error.  "[T]he degree of specificity required

4

for reasons behind a [violation of supervised release] sentence is less than that for plenary sentencing." Smith, 949 F.3d at 66. The District Court explained on the record that it considered the violations of supervised release at issue to be "very serious." App'x 56. It pointed out that Ortiz had committed another misdemeanor only a year after being released from a 121-month term of incarceration, and that he had apparently traveled outside of the district several times without informing his probation officer. The District Court's explanation adequately justified the six-month term of home detention.

Ortiz submits that the District Court failed to specify that he would be able to leave his home for authorized or approved absences for "gainful employment, community service, religious services, medical care, education or training programs." Appellant's Br. 16. As Ortiz acknowledges, the definition of "home detention" under the Sentencing Guidelines provides that "[w]hen an order of home detention is imposed, the defendant is required to be in his place of residence at all times except for" such "approved absences," and "such other times as may be specifically authorized." See U.S.S.G. § 5F1.2 cmt. 1. Nevertheless, the Government does not oppose a limited remand to permit the

5

District Court to amend the judgment to specify that Ortiz is permitted to leave his place of home detention for such absences as approved. We therefore remand to permit the District Court to amend the judgment in this way.

Finally, Ortiz also claims that the District Court impermissibly delegated authority to the Probation Office when, at sentencing, it stated that Ortiz was to "serve 6 months in home detention, commencing on a date and under conditions to be set by the probation officer." App'x 62. Here, the Probation Office did not (and could not) decide whether to confine Ortiz to home confinement in the first instance, but it was not improper for the District Court to delegate to it some authority to determine the conditions of Ortiz's home detention. And Ortiz does not argue that it was improper for the District Court to delegate to the Probation Office the date on which home detention is to commence. It is not entirely clear to us whether, as is typically the case, the district court intended that home detention would begin running roughly at the start of his term of supervised release. When imposing a home detention condition, district courts often state generally that the first $x$ number of months of supervised release shall be spent in home detention; other courts refer specifically to the date of the defendant's

6

release from prison, the date when the defendant's home is fitted with an electronic monitoring device or other means of surveillance, or even the earliest practicable date if a specific date is not possible to determine at the time of sentencing. Here, the District Court did not itself impose any parameters. We express no view on this issue, because Ortiz has failed to argue it on appeal. In any event, on remand the District Court should also consider amending the judgment so that it more specifically describes the start date for Ortiz's home detention.

We have considered Ortiz's remaining arguments and conclude that they are without merit. For the foregoing reasons, we REMAND to the District Court for the limited purpose of amending the judgment consistent with this summary order.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk of Court