# United States Court of Appeals
## For the First Circuit

No. 07-1050

UNITED STATES OF AMERICA,

Appellee,

v.

JOSE MARCANO,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch, Circuit Judge,
and Stahl, Senior Circuit Judge.

Ramon M. Gonzalez, by appointment of the court, was on brief for appellant.

Rosa Emilia Rodriguez-Velez, United States Attorney, with whom Nelson Pérez-Sosa and Mariana E. Bauzá-Almonte, Assistant United States Attorneys, were on brief for appellee.

May 12, 2008

**Per Curiam**. Jose Marcano pleaded guilty to one count of aiding and abetting the receipt and possession of an illegally modified firearm in violation of 26 U.S.C. §§ 5822 and 5845. On August 29, 2002, the district court sentenced Marcano to a term of thirty-three months' imprisonment, to be followed by three years of supervised release. On October 6, 2006, following revocation proceedings, the district court revoked Marcano's supervised release and sentenced him to eighteen months' imprisonment to be followed by one year of supervised release, during the first 180 days of which he was to be subject to limited home confinement. Marcano appeals, contesting the legality of his sentence.

The conditions which a district court may attach to supervised release are spelled out by 18 U.S.C. § 3583(d). Section § 3583(d), inter alia, permits a district court to prescribe "any condition that is set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and b(12) through (b)(20)." Here, the district court chose to impose a condition of release requiring Marcano to submit to home confinement pursuant to § 3563(b)(19).

Marcano contends that the plain language of § 3563(b)(19) forbids its application where any term of incarceration is imposed. See 18 U.S.C. § 3563(b)(19). Because he raises this issue for the first time on appeal, we review only for plain error. See United States v. Sanchez-Berrios, 424 F.3d 65, 81 (1st Cir. 2005)

-2-

(applying plain error doctrine in reviewing conditions of supervised release).

Section 3563(b)(19) provides that "a condition under this paragraph may be imposed <u>only</u> as an alternative to incarceration." 18 U.S.C. § 3563(b)(19) (emphasis added). Thus, Marcano reasons that the district court erred by imposing home confinement during supervised release to follow his eighteen-month period of incarceration. The Government, in essence, responds that Marcano's interpretation is flawed because it ignores the effect of § 3583, which deals exclusively with supervised release following imprisonment, upon § 3563(b)(19). Because § 3583(d)(1) specifically authorizes the condition of home confinement set forth by § 3563(b)(19), and supervised release necessarily follows incarceration, the Government argues that lower courts may order home confinement beyond the maximum period of incarceration.

Even assuming <u>arguendo</u> that Congress intended home confinement to be a substitute for incarceration, it does not follow that Marcano's sentence is illegal. As Marcano concedes, the district court was authorized to impose a maximum sentence of up to two years' imprisonment. 18 U.S.C. § 3583(e)(3). The total period of imprisonment, eighteen months, plus the ensuing period of home confinement, 180 days, does not exceed the statutory maximum term of imprisonment of two years. Thus, to afford Marcano relief, we would have to conclude that the imposition of <u>any</u> period of

incarceration pursuant to § 3583(e)(3) necessarily precludes any home confinement during the ensuing period of supervised release. The statutory text certainly surely does not compel such a reading, and Marcano cites to no authority adopting this approach.

Indeed, in United States v. Ferguson, 369 F.3d 847 (5th Cir. 2004), when faced with a nearly identical claim, the Fifth Circuit determined that "a court [may] not impose both a term of incarceration (upon revocation of supervised release) and subsequent home detention during a reimposed term of supervised release that, when combined, exceeds the allowable maximum incarceration term." Id. at 851; accord United States v. Leaphart, 98 F.3d 41, 43 (2d Cir. 1996) (following similar approach under sentencing guidelines); see also United States v. Roy, 506 F.3d 28, 31 (1st Cir. 2007) (holding that district court's failure to count time spent during community confinement was not plain error). Without explicitly reaching the issue, the Fifth Circuit's reasoning in Ferguson strongly implies that a court may combine incarceration and home confinement under § 3563(b)(19) provided that the total period of incarceration plus home confinement during supervised release does not exceed the statutory maximum that the defendant may be incarcerated. 369 F.3d at 850-52.

In sum, Marcano has made a colorable argument that the district court could not have imposed a period of incarceration and supervised release involving home confinement in excess of two

years, the statutory maximum.  It did not do so.  Marcano's real argument, that a district court may not impose any period of home detention following incarceration is tenuous at best, and he fails to cite any applicable precedent.  That which exists points the other way.  See id.  At the every least, any error was not plain.  See United States v. Caraballo-Rodriguez, 480 F.3d 62, 70 (1st Cir. 2007) (holding that plain error cannot be found in case law absent clear and binding precedent).  Accordingly, we reject Marcano's challenge to his sentence.

Affirmed.