[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14619
Non-Argument Calendar
_____

D.C. Docket No. 6:98-cr-00068-PGB-KRS-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN NOEL MELENDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 29, 2016)

Before ED CARNES, Chief Judge, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In 1998 Juan Noel Melendez was convicted of possessing heroin with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), a Class C felony, and was sentenced to 210 months in prison and three years of supervised release.  After he was released from prison and violated a condition of supervised release, the district court revoked his supervised release and sentenced him to serve one year in prison and another two years of supervised release with the first six months under home detention.  Melendez appeals the home detention condition of supervised release. He contends that the district court exceeded its authority by imposing a sentence that includes both incarceration and home detention.

Because Melendez did not raise that argument before the district court, we review it only for plain error.  See United States v. Dudley, 463 F.3d 1221, 1227 (11th Cir. 2006).  "Under plain error review, there must be (1) error, (2) that is plain, and (3) affects substantial rights."  Id.  "When those three factors are met, we may exercise discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings."  Id.

After it determined that Melendez had violated a condition of his supervised release, the district court was authorized to revoke his release and sentence him to up to two years in prison.  See 18 U.S.C. § 3583(e)(3).  It was also authorized to impose a new term of supervised release, see id. § 3583(h), which could include "any condition set forth as a discretionary condition of probation in [18 U.S.C.

2

§ 3563(b)]." Id. § 3583(d).  The court ordered Melendez to serve six months of home detention under § 3563(b)(19).

Section 3563(b)(19) provides that home detention "may be imposed only as an alternative to incarceration."  Based on that language, Melendez argues that a defendant sentenced to incarceration under § 3583(e)(3) cannot also be required to serve home detention as a condition of supervised release.  In other words, a court can impose home detention only as a substitute for incarceration, not in addition to it.

In support of that argument, Melendez cites United States v. Ferguson, 369 F.3d 847, 851 (5th Cir. 2004), but the holding of that decision does not help him. In Ferguson, the Fifth Circuit held that "the plain meaning of 'alternative' [in § 3563(b)(19)] leads to the conclusion that a court [may] not impose both a term of incarceration (upon revocation of supervised release) and subsequent home detention during a reimposed term of supervised release that, when combined, exceeds the allowable maximum incarceration term."  As Melendez concedes, that's not the issue here: The district court sentenced him to eighteen months of incarceration and home detention combined, which is less than the two-year maximum sentence he faced under § 3583(e)(3).

The reasoning in Ferguson does not help Melendez either.  To the contrary, that decision suggests that a court can sentence a defendant to both incarceration

3

and home detention, as long as the two added together do not exceed the statutory maximum sentence.  See United States v. Marcano, 525 F.3d 72, 74 (1st Cir. 2008) (rejecting the defendant's argument that a court "may not impose any period of home detention following incarceration," and explaining that Ferguson "strongly implies that a court may combine incarceration and home confinement").

Melendez insists that the plain meaning of the phrase "only as an alternative to incarceration" compels the district court to choose between incarceration on the one hand and home detention on the other.  But he has not cited a single decision, from this Circuit or elsewhere, supporting that interpretation.  Not only that, but the limited persuasive authority that exists "points the other way."  Marcano, 525 F.3d at 74 (citing Ferguson, 369 F.3d at 850–52); see also United States v. Hager, 288 F.3d 136, 137–39 (4th Cir. 2002); United States v. Leaphart, 98 F.3d 41, 43 (2d Cir. 1996).  Under these circumstances, there can be no plain error.  See United States v. Lejard-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003) ("[T]here can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving [an issue].").

**AFFIRMED.**

4