**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 15-2038

UNITED STATES OF AMERICA,

Appellee,

v.

PEDRO WIPP-KELLEY,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Francisco A. Besosa, U.S. District Judge]

---

Before
Torruella, Lipez, and Thompson,
Circuit Judges.

---

Luz M. Ríos-Rosario on brief for appellant.
Rosa Emilia Rodríguez-Vélez, United States Attorney, Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, and Tiffany V. Monrose, Assistant United States Attorney, on brief for appellee.

---

March 17, 2017

---

**THOMPSON**, <u>Circuit Judge</u>.

**Preface**

Pedro Wipp-Kelley ("Wipp") pled guilty — without a plea agreement — to conspiring to possess cocaine with intent to distribute, possessing cocaine with intent to distribute, and possessing a firearm "in furtherance" of a drug-trafficking offense.[1] The district judge accepted his plea and later sentenced him to 180 months in prison — a sum made up of two concurrent terms of 120 months for each drug offense (the mandatory minimum), plus a consecutive term of 60 months for the firearm offense (also the mandatory minimum). Now before us, he insists that the judge slipped by accepting a plea that was neither knowing nor voluntary. Reviewing for plain error — which the parties agree is the governing standard — we see no reason to reverse.[2]

---

[1] We draw the relevant facts from the unobjected-to parts of the presentence report and the transcripts from the relevant court hearings. See, e.g., <u>United States</u> v. <u>Hudson</u>, 823 F.3d 11, 13 n.1 (1st Cir. 2016).

[2] To establish plain error — a famously difficult-to-satisfy standard — a defendant must show "error, plainness, prejudice to [him,] and the threat of a miscarriage of justice." See <u>United States</u> v. <u>Torres-Rosario</u>, 658 F.3d 110, 116 (1st Cir. 2011); <u>see also</u> <u>Puckett</u> v. <u>United States</u>, 556 U.S. 129, 142 n.4 (2009). In the context of this case, prejudice requires a showing of "a reasonable probability that, but for [the judge's] error, [Wipp] would not have entered the plea." <u>United States</u> v. <u>Domínguez Benítez</u>, 542 U.S. 74, 76 (2004).

## Analysis

A valid guilty plea must be knowingly, intelligently, and voluntarily made. See United States v. Ocasio-Cancel, 727 F.3d 85, 89 (1st Cir. 2013); see also Fed. R. Crim. P. 11. Before accepting a guilty plea, the judge must address the defendant in open court and inform him of his rights, the nature of the charges, and the possible penalties. See Fed. R. Crim. P. 11(b). Wipp thinks that his plea is invalid because the judge did not adequately explain the elements — particularly the mens rea element — of the charged crimes. He of course bears the burden of showing that the judge plainly erred. See, e.g., United States v. Almonte-Nuñez, 771 F.3d 84, 89 (1st Cir. 2014). And he falls way short of doing so.

Rule 11 does not require a judge "either to spout a fixed catechism or to use a set of magic words." United States v. Jones, 778 F.3d 375, 382 (1st Cir. 2015). It does not "demand explanations of the technical intricacies of the charges in the indictment." Id. (quotation marks omitted). And it does not call on the judge to "be precise to the point of pedantry" when "touch[ing] all of the appropriate bases." Id.

With that in mind, we look at what the judge here said, starting first with his comments on the conspiracy charge:[3]

> Mr. Wipp, you're charged in . . . Count One that . . . you and the other defendants charged in the indictment **knowingly and intentionally** combined, conspired, and agreed, together and with each other, and with other persons known and unknown to the grand jury, to possess, with the intent to distribute, . . . more than five kilograms of a mixture or substance containing a detectable amount of cocaine.

Wipp provides no convincing reason why this was error, say nothing of plain error, especially since our caselaw confirms that to prove this charge, the government would have to show that "(1) a conspiracy existed; (2) [Wipp] had knowledge of the conspiracy; and (3) [he] **knowingly and voluntarily** participated in the conspiracy." United States v. Delgado-Marrero, 744 F.3d 167, 190 (1st Cir. 2014) (quotation marks omitted). He does not say, for example, what more the judge had to say. The net result is that he simply has not done enough with this issue to win on plain-error review. See generally United States v. Jones, 748 F.3d 64, 69, 70 (1st Cir. 2014) (explaining that plain error is "a very stiff standard," adding that plain error is an "indisputable" error, given controlling precedent).

---

[3] The emphases in all quotes from here on out are ours, by the way.

- 4 -

The same goes for his beef with the judge's comments on the drug charge. "And in Count Two," the judge noted,

> you're charged that . . . you and the other defendants charged in the case, aiding and abetting each other, **knowingly and intentionally** possessed, with intent to distribute, five kilograms or more of a mixture or substance containing a detectable amount of cocaine.

Wipp again offers no persuasive reason to second-guess what the judge said, particularly since our caselaw also confirms that to prove this charge, the government would have to show that he "**knowingly and intentionally** possessed, either actually or constructively, a controlled substance with the specific intent to distribute." See United States v. Bobadilla-Pagán, 747 F.3d 26, 32 (1st Cir. 2014). So just like before, he fails to clear the "high" plain-error "hurdle." See United States v. Hunnewell, 891 F.2d 955, 956 (1st Cir. 1989); see also Jones, 748 F.3d at 70.

Ditto regarding his complaints about the judge's firearm-charge comments. "[A]s charged in Count Three," the judge explained to Wipp,

> you **knowingly and intentionally** possessed a .40 caliber . . . Smith and Wesson pistol, . . . and two magazines containing 24 rounds of . . . ammunition in furtherance of a drug-trafficking crime, . . . which is what is charged in Count One, the conspiracy to possess, with intent to distribute, five kilograms or more of a mixture or substance containing a detectible amount of cocaine.

Here too Wipp gives no compelling reason why these comments sink to the level of plain error, especially since our caselaw further

- 5 -

confirms that to prove this charge, the government would have to show that he "(1) committed a drug trafficking crime; (2) **knowingly** possessed a firearm; and (3) possessed the firearm in furtherance of the drug trafficking crime." Bobadilla-Pagán, 747 F.3d at 35 (quotation marks omitted). Once again, Wipp does not come even close to meeting his burden under the "oh-so demanding" plain-error standard. See United States v. Rodríguez-Soler, 773 F.3d 289, 293 (1st Cir. 2014); see also Jones, 748 F.3d at 70.

United States v. Figueroa-Ocasio, 805 F.3d 360 (1st Cir. 2015), on which Wipp relies heavily, is distinguishable from our case on a variety of grounds. To name just one: Applying plain-error review, Figueroa-Ocasio vacated a defendant's guilty plea because the judge misstated the mens-rea element of the charged offenses. Id. at 368-72, 374. But nothing of the sort happened here — for the reasons just given.

Taking a slightly different tack, Wipp insists that the judge failed to establish a satisfactory factual basis for his guilty plea on the firearm count. Specifically, after suggesting that he legally possessed the pistol, he says the judge "coaxed" him "into thinking it was sufficient that he merely possessed or owned" the gun to be guilty of the firearm crime and claims the government's proffer at the change-of-plea hearing did not link

him to that crime. Looking at this issue through the plain-error lens, we think his argument is a no-go.

For starters, Wipp cites no authority — and we know of none — holding that if you legally possess the firearm in question, then you cannot be guilty of possessing a firearm in furtherance of a drug-distribution enterprise. So this line of attack fails. See generally United States v. Marcano, 525 F.3d 72, 74 (1st Cir. 2008) (per curiam) (explaining "that plain error cannot be found in case law absent clear and binding precedent").

Also, after Wipp said he "had" the pistol "but never with that intention," the judge asked, "But did you possess it with the intent, in furtherance of a drug-trafficking crime?" And Wipp responded, "Yes." That dooms this facet of his argument.

And as for Wipp's suggestion that the government offered too little to link him to the firearm crime, we say this: "The necessary [factual-basis] showing . . . is fairly modest." United States v. Ramos-Mejía, 721 F.3d 12, 16 (1st Cir. 2013). "[T]he the evidence need not conclusively demonstrate guilt beyond a reasonable doubt." Id. Instead, "the government need only show a rational basis in fact for the defendant's guilt" — or, to put the same point differently, "there must be some basis for thinking that the defendant is at least arguably guilty." Id. (quotation marks omitted). To establish possession of a firearm "in

furtherance" of a drug-trafficking crime, there must be "a sufficient nexus" between the firearm and the drug-selling operation "such that the firearm advances or promotes the drug crime." Bobadilla-Pagán, 747 F.3d at 35 (quotation marks omitted). We need not go into every jot of "in furtherance" law here. For present purposes, it suffices to say that in deciding "whether a sufficient nexus exists," we consider "whether the firearm was loaded, whether the firearm was easily accessible, the proximity of the firearm to the drugs, and the surrounding circumstances." United States v. Pena, 586 F.3d 105, 113 (1st Cir. 2009). And the facts proffered by the prosecutor below (and acquiesced in by Wipp) revealed that Wipp had an "operable" pistol on him during the drug conspiracy. The government argues that this shows a sufficient nexus between the firearm and the drugs to conclude that he was at least arguably guilty here. For his part, Wipp cites no cases — and we are aware of none — suggesting that a judge's decision to accept a plea in these circumstances constitutes plain error. Which means he cannot pass the plain-error test. See Jones, 748 F.3d at 70; Marcano, 525 F.3d at 74.

The bottom line is that nothing in Wipp's brief leads us to think there is any error, let alone plain error, lurking among his plea-related arguments.

There is one loose end to tie up, however.  In another argument that débuts here, Wipp accuses the judge of not verifying that he had read the presentence report and discussed it with his lawyer.  He says that this shows "how confused and apprehen[sive]" he "felt towards the district court and his prior defense counsel." And he claims that this "supports" his "contention that he did not have a healthy attorney-client relationship . . . with prior defense counsel" — a "factor" that could support an ineffective-assistance-of-counsel claim, or so he argues.  But because, to quote his brief, "the instant record is not sufficiently developed" on this score, we dismiss this claim, though he can renew it (if he chooses) via a petition for collateral review in the district court.  See United States v. Maldonado, 708 F.3d 38, 46 (1st Cir. 2013) (taking that approach in a similar situation).

## Conclusion

For the reasons arrayed above, we affirm the judgment below, without prejudice to Wipp's right to revive his ineffective-assistance claim on collateral review — naturally, we express no opinion on the merits of any such claim.