[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12658
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00042-WS-C-6

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BEN STEANS WHITE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 11, 2019)

Before WILSON, JORDAN and HULL, Circuit Judges.

PER CURIAM:

After serving a prison term for conspiracy to possess crack cocaine with intent to distribute, Ben White began serving a term of supervised release in 2015. Mr. White repeatedly violated the conditions of his release, and the district court revoked his supervised release three times. He now appeals the 24-month term of imprisonment imposed following the third of these revocations. Specifically, he argues that the district court improperly weighed his drug addiction against him in determining his sentence. After careful review, we affirm.

# I

In June of 2006, Mr. White pled guilty to conspiracy to possess crack cocaine with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. He was sentenced to 158 months' imprisonment (later reduced to 126 months), to be followed by five years of supervised release. The conditions of Mr. White's supervised release required him, among other things, to participate in a drug-testing and drug-treatment program, to refrain from using illegal drugs, to refrain from committing additional crimes, and to cease associating with persons engaged in criminal activity.

Following his release from prison in June of 2015, Mr. White violated these conditions several times. He continued to use drugs and associate with persons involved in criminal activity. He also failed to complete a substance abuse treatment program. And he committed two misdemeanor violations: possession of synthetic

2

marijuana and attempting to elude police. As a result, Mr. White's supervised release was revoked twice in 2016, and a third time in June of 2018.[1]

At issue in this appeal is the reasonableness of the 24-month sentence imposed by the district court following the third revocation of Mr. White's supervised release. This revocation judgment followed a petition for revocation filed by the probation officer, detailing Mr. White's most recent violations of the conditions of his supervised release.

The petition alleged that on several occasions in March of 2018, Mr. White failed to report for a drug test and failed to attend cognitive behavioral therapy. It further alleged that in April of 2018, Mr. White was dismissed from his drug treatment program for noncompliance with the program rules and for reporting to treatment under the influence of drugs. Later in April, Mr. White briefly entered and was dismissed from a different drug rehabilitation program after again arriving in an intoxicated state.

The petition also reported that in June of 2018, Mr. White had been arrested and had pled guilty to attempting to elude police, a misdemeanor offense in Alabama. *See* Ala. Code. § 13A-10-52. The charge stemmed from an incident in which police officers were dispatched to a domestic violence call at Mr. White's

---

[1] The conditions of his release were also modified to require Mr. White to attend cognitive behavioral therapy.

home. The officers ordered Mr. White to exit the residence, and Mr. White refused and fled through a window.  He was caught and arrested shortly thereafter.

During his revocation hearing, Mr. White admitted to these violations.  He nevertheless asked the court for another chance to get clean and to comply with the conditions of his supervised release. He also explained that at least some of his most recent violations—his failures to attend drug testing, drug treatment, and cognitive behavioral therapy—were partly due to his lack of funds and lack of transportation.

In response, the government argued that Mr. White had repeatedly failed to take advantage of opportunities to comply with the conditions of his release.  The government also argued that Mr. White presented a risk to public safety, given his criminal history and his continued commission of crimes while on supervised release.  Based on these considerations, the government requested a sentence of 24 months' imprisonment to be followed by 22 months of supervised release.  The advisory guideline range was 5 to 11 months in prison, and the statutory maximum sentence was 46 months.

The district court imposed the 24-month sentence requested by the government. The court explained that it typically imposed a sentence at the low end of the advisory guideline range for a first revocation and a sentence at the top end of the guideline range for a second revocation, and that it rarely saw individuals facing a third revocation. The court also reasoned that, after Mr. White's repeated failure

4

to abide by the conditions of his supervised release, "there's nothing left for this Court to do except to punish you and to separate you from your ability to . . . associate with people, and to acquire illegal drugs."  The court concluded that "a sentence within the guidelines [was] not sufficient to satisfy the sentencing objectives of [18 U.S.C. §] 3553(a)" and that a 24-month sentence was "sufficient but not more than necessary to accomplish the sentencing objectives set forth in the statute."  Mr. White objected to his sentence, and filed a timely appeal.

## II

We review the reasonableness of a sentence imposed upon revocation of supervised release for an abuse of discretion. *United States v. Vandergrift*, 754 F.3d 1303, 1307. *See also Gall v. United States*, 552 U.S. 38, 49 (2007).  A district court abuses its discretion if it fails to consider relevant factors that were due significant weight, gives weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

In imposing a sentence upon revocation of supervised release, the district court must consider certain of the § 3553(a) sentencing factors. *See* 18 U.S.C. § 3583(e). In relevant part, the factors that that the district court must consider are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed .
> . . (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the

defendant with needed [training or treatment]; . . . (4) the kinds of sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; and (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . (5) any pertinent policy statement—(A) issued by the Sentencing Commission . . .; and (B) that . . . is in effect on the date the defendant is sentenced; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). If the sentence is a variance from the advisory guideline range, as it is here, the district court must provide a justification that is "sufficiently compelling to support the degree of variance." *Irey*, 612 F.3d at 1196 (quoting *Gall*, 552 U.S. at 50).

### III

Mr. White argues that the district court unreasonably weighed his drug addiction against him in determining his sentence. We disagree. The district court explained that its decision to impose a 24-month sentence was based on Mr. White's repeated violations of the terms of his release, as well as "the facts and circumstances in this case, the need to punish the defendant for ongoing criminal behavior, [and] the need to protect the community from the defendant's behavior." D.E. 506 at 29-31. These were all proper considerations under § 3583(e).

To be sure, Mr. White's drug use played a role in the district court's sentencing decision. But this does not mean that the court improperly weighed Mr.

White's drug addiction against him. As Mr. White concedes, by using drugs, he violated the conditions of his supervised release. The district court was therefore authorized to "revoke [the] term of supervised release, and require [him] to serve in prison all or part of the term of supervised release." 18 U.S.C. § 3583(e)(3). Indeed, the relevant statute specifically directs district courts to revoke a term of supervised release if the defendant violates certain drug-related conditions of his supervised release. *See* 18 U.S.C. § 3583(g) ("If the defendant . . . possesses a controlled substance . . . [or] refuses to comply with drug testing . . . the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment [up to the statutory maximum]."). Given the shorter terms of imprisonment imposed following the first and second revocations, the district court did not abuse its discretion in varying upward.

Mr. White also argues that his sentence punished his status as a drug addict in violation of the Supreme Court's holding in *Robinson v. California*, 370 U.S. 660 (1962).[2]  But *Robinson* does not support the proposition that it is unlawful or improper for a district court to place significant weight on a defendant's drug-related

---

[2] Mr. White presents his argument under *Robinson* as part of his challenge to the reasonableness of his sentence.  But to the extent that this is a constitutional argument distinct from his general argument that the sentence was substantively unreasonable, Mr. White raises it for the first time on appeal and we therefore review it only for plain error. *See United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009) ("[W]e review issues not properly raised before the district court . . . for plain error."). In any event, *Robinson* is inapposite and Mr. White's argument therefore fails under either standard of review—plain error or abuse of discretion.

violations during sentencing. In *Robinson*, the Supreme Court struck down a California statute that criminalized the status of being a drug addict, irrespective of whether the defendant actually possessed or used illegal drugs. *See id.* at 366-67. Here, in contrast, the district court sentenced Mr. White to 24 months' imprisonment not because of his status as a drug addict, but because he violated the terms of his supervised release, including by using illegal drugs. Again, while some of Mr. White's violations may be related to his struggles with drug addiction, this does not render these violations any less relevant to the court's sentencing decision, and does not alter our analysis on appeal. *See, e.g., United States v. Sirois*, 898 F.3d 134, 137-39 (1st Cir. 2018) (rejecting a similar challenge under *Robinson* to a sentence imposed after the defendant violated drug-related conditions of supervised release); *United States v. Pena*, 125 F.3d 285, 287-88 (5th Cir. 1997) (same); United *States v. Lundy*, 734 F. App'x 728, 730 (11th Cir. 2018) (same).

Because the district court considered the relevant and proper factors at sentencing, and did not consider any improper factor, it did not abuse its discretion in sentencing Mr. White to 24 months of imprisonment.

## IV

For the foregoing reasons, we affirm Mr. White's sentence.

**AFFIRMED.**

8