# United States Court of Appeals
## For the First Circuit

No. 22-1423

UNITED STATES OF AMERICA,

Appellee,

v.

DEREK MUÑOZ-GONZALEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Silvia L. Carreño-Coll, U.S. District Judge]

Before

Gelpí, Lipez, and Rikelman,
Circuit Judges.

José R. Olmo-Rodríguez, for appellant.

Gregory B. Conner, Assistant United States Attorney, with whom W. Stephen Muldrow, United States Attorney, and Mariana E. Bauzá-Almonte, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

July 17, 2025

**GELPÍ**, **Circuit Judge**.  Derek Muñoz-Gonzalez ("Muñoz") was indicted on multiple charges related to child pornography, including two counts of production, one count of possession, and one count of distribution.  He agreed to plead guilty to two counts of producing child pornography.  The plea agreement contained, among other provisions, a waiver-of-appeal clause setting forth Muñoz's waiver of his right to appeal "any aspect of this case" if the court sentenced him to a term of imprisonment of 327 months or less.

At the sentencing hearing, the district court sentenced Muñoz to 327 months.  He appealed, claiming that the prosecutor breached the plea agreement by advocating for two enhancements that were not included in the agreement's sentencing guidelines calculation and asserting that the agreement's waiver-of-appeal clause does not preclude him from raising that breach claim.  We disagree.  Because the prosecutor did not breach the plea agreement, we affirm.

## I. BACKGROUND

### A. Facts

We briefly recount the relevant facts and travel of the case.  In January 2021, an undercover Federal Bureau of Investigation ("FBI") agent identified a person suspected of being a child molester through Kik Messenger ("Kik"), a mobile messaging application frequently used for exchanging child pornography.

That person was Muñoz, a resident of Puerto Rico. Via Kik, Muñoz said he was sexually exploiting his own then-eight-month-old daughter. Another Kik user asked Muñoz in a Kik group chat, "[D]o you play with your daughter?" "I have," Muñoz responded. After disclosing in the chat that his daughter was under a year old, Muñoz shared a picture of a baby lying on a bed with an adult female standing in front of her.

This prompted the undercover officer to begin communicating with Muñoz privately. In their conversation, Muñoz admitted he had been a pedophile for a long time. He also sent the officer images and videos of child sexual abuse and said he had been sexually active with his eight-month-old daughter. Muñoz also offered to share photos of his girlfriend's fifteen-year-old sister, whom he had photographed while she was in the bathroom.

The next day, on January 12, 2021, Muñoz posted another message in a Kik group chat, stating that he took additional pictures and videos of his daughter earlier that day. He shared a video and two pictures, which collectively depicted Muñoz sexually abusing his infant daughter. As a result, the FBI sent an emergency disclosure request to Kik to obtain Muñoz's demographic information and investigate further. And, after Muñoz's identity was corroborated, he was arrested.

## B. Procedural History

Two weeks after Muñoz's arrest, a federal grand jury charged him in a four-count indictment with (1) production of child pornography of an eight-month-old infant, in violation of 18 U.S.C. § 2251(a) and (e) (Count I); (2) production of child pornography of a fifteen-year-old female minor, also in violation of 18 U.S.C. § 2251(a) and (e) (Count II); (3) distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2) (Count III); and (4) possession of child pornography, in violation of 18 U.S.C. § 2252(4)(B) (Count IV). Muñoz subsequently pleaded guilty only to Counts I and II, each of which carries a term of imprisonment of fifteen to thirty years. In return, the government agreed to dismiss Counts III and IV.

The plea agreement stipulated an advisory guideline range of 262 to 327 months' imprisonment. Said guideline range accounted for the following offense-level enhancements: (1) the victims' ages, (2) the knowing distribution of the images and videos, and (3) the familial relationship between Muñoz and the victims. The guideline calculations also accounted for Muñoz's acceptance of responsibility for his behavior. The parties agreed that Muñoz could request a sentence of 262 months of imprisonment while the government could recommend one of up to 276 months' imprisonment. Any petition by either party for a term of imprisonment below or above that stipulated sentence

recommendation, the agreement stated, would "constitute a material breach of the Plea Agreement."

Notably, the agreement also contained a clause waiving Muñoz's right to appeal:

> [Muñoz] knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 327 months or less, [he] waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

At the sentencing hearing, Muñoz's counsel asked the district court to impose a sentence of 262 months' imprisonment, arguing that such sentence would be sufficient, but not greater than necessary to punish, deter, and rehabilitate Muñoz. The government countered that 276 months' imprisonment was a more appropriate sentence to deter others, protect the public, and reflect the seriousness of Muñoz's conduct.

In advocating for its position, the government highlighted two facts stipulated in the plea agreement: (1) Muñoz had sexual contact with his infant daughter and (2) the images and videos he sent to others in the Kik chat depicted sexual abuse of an infant. These two facts, although stipulated in the plea agreement's factual summary, were not factored into the parties' proposed guidelines calculation.

At sentencing, the district court considered the stipulated facts spelled out in the plea agreement, which included

the fact that Muñoz "used the application Kik to share videos and images of him[self]" having sexual contact with his eight-month-old daughter. And after considering the stipulated facts along with the sentencing guidelines, the district court ultimately sentenced Muñoz to 327 months of imprisonment -- a longer sentence than either party had recommended at the sentencing hearing, but within the waiver-of-appeal limit.[1] Believing that the government did not hold up its end of the bargain, Muñoz appealed.

## II. DISCUSSION

Muñoz advances two arguments on appeal. First, he argues that the waiver-of-appeal provision in the plea agreement does not bar this appeal because that provision only encompasses challenges to the court's imposition of a sentence, not arguments that the government breached the plea agreement. Second, Muñoz contends that the prosecutor breached the plea agreement when she highlighted conduct excluded from the stipulated guidelines calculation: (1) the sexual contact he had with his infant daughter and (2) the sharing of images and videos with others on Kik, depicting him sexually abusing his infant daughter. Because we hold that the prosecutor did not breach the plea agreement, we

---

[1] The sentence imposed was also within the applicable sentencing guidelines range.

need not address whether the waiver-of-appeal clause bars this appeal.

This court reviews de novo a defendant's claim that the prosecutor breached the plea agreement. See United States v. Almonte-Nuñez, 771 F.3d 84, 89 (1st Cir. 2014); see also United States v. Rivera-Ruiz, 43 F.4th 172, 179 (1st Cir. 2022). But when the "defendant has knowledge of conduct ostensibly amounting to a breach of a plea agreement, yet does not bring that breach to the attention of the sentencing court" during sentencing, this court reviews for plain error. Rivera-Ruiz, 43 F.4th at 179 (quoting United States v. Rivera-Rodríguez, 489 F.3d 48, 57 (1st Cir. 2007)). At the sentencing proceeding, Muñoz failed to assert that the prosecutor breached the plea agreement. Thus, we review Muñoz's submission under plain error.

"The defendant's burden under the plain error standard is a heavy one." United States v. Umeh, 132 F.4th 573, 582 (1st Cir. 2025) (citation omitted). This rigorous standard requires Muñoz to show "(1) that an error occurred (2) which was clear or obvious and which not only (3) affected [his] substantial rights, but also (4) seriously impaired the fairness, integrity, or public reputation of judicial proceedings." United States v. Ruiz-Huertas, 792 F.3d 223, 226 (1st Cir. 2015) (alteration in original) (citation omitted). To make that showing, however, the defendant has only one avenue: the opening brief. It is in the

opening brief where the defendant must address each prong of the plain-error standard. For this court has said time and again "that an argument at best entitled to plain error review [is] waived where the appellant made no attempt to satisfy that standard in his opening brief." United States v. Mulkern, 49 F.4th 623, 636 (1st Cir. 2022) (citation modified). Indeed, "[u]nder the plain error doctrine, if an error is not properly preserved, appellate-court authority to remedy the error is strictly circumscribed." United States v. Pabon, 819 F.3d 26, 33 (1st Cir. 2016) (citation modified).

Here, Muñoz failed to expressly address the plain-error standard in his opening brief. Although he sought to address the standard in his reply brief, our precedent is clear "that issues advanced for the first time in an appellant's reply brief are deemed waived." Waste Mgmt. Holdings, Inc. v. Mowbray, 208 F.3d 288, 299 (1st Cir. 2000); see also United States v. Rodriguez-Monserrate, 22 F.4th 35, 40 (1st Cir. 2021); United States v. Rodríguez-Torres, 939 F.3d 16, 40 & n.14 (1st Cir. 2019). For this reason alone, Muñoz waived his breach-of-plea-agreement claim.

But in any event, even setting waiver aside, the government's comments at sentencing did not constitute "a clear or obvious breach of the plea agreement." United States v. Davis, 923 F.3d 228, 239 (1st Cir. 2019). To demonstrate "'clear or

obvious error,' a party must show that the error is contrary to existing law." United States v. Rabb, 5 F.4th 95, 101 (1st Cir. 2021) (citation omitted). That law or principle must also be clearly established in our precedent. See United States v. Espinoza-Roque, 26 F.4th 32, 36 (1st Cir. 2022) ("An appellant cannot establish plain error using 'case law absent clear and binding precedent.'" (quoting United States v. Marcano, 525 F.3d 72, 74 (1st Cir. 2008) (per curiam))). "In other words, the error must be 'indisputable' in light of controlling law." Rabb, 5 F.4th at 101 (quoting United States v. Jones, 748 F.3d 64, 69-70 (1st Cir. 2014)). If our precedent does not clearly establish the error, then the appellant cannot overcome the plain error hurdle. See id.

In the plea agreement context, "[w]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." United States v. Lessard, 35 F.4th 37, 42 (1st. Cir. 2022) (citation omitted). "Because plea bargaining requires defendants to waive fundamental constitutional rights, we hold prosecutors engaging in plea bargaining to the most meticulous standards of both promise and performance." Id. (citation modified). These "standards require more than lip service to, or technical compliance with, the terms of a plea agreement." Id. (quoting Almonte-Nuñez, 771 F.3d at

89). Since "[a] defendant is entitled to the benefit of the bargain struck in the plea deal and to the good faith of the prosecutor," id. (citation modified), a prosecutor cannot make "end-runs around" the promises in the plea agreement, United States v. Castillo, 126 F.4th 791, 796 (1st Cir. 2025) (citation omitted).

On the other hand, "we recognize that the government is not obliged to present an agreed-upon recommendation with ruffles and flourishes." Id. (citation modified). "Nor do we require" the prosecution to display "any particular degree of enthusiasm" when making its sentencing recommendation. Id. (citation omitted). While there is no "magic formula" for assessing a prosecutor's performance, we must consider the "totality of the circumstances" in asking whether their conduct was "reasonably consistent" with the recommendation they promised. Lessard, 35 F.4th at 42 (citation omitted); see also United States v. Acevedo-Osorio, 118 F.4th 117, 128 (1st Cir. 2024) (stating that the court "must examine the totality of the circumstances in a case-by-case approach" by considering the "'net effect of the government's behavior' to determine whether, on balance, it has 'undermine[d] the benefit of the bargain.'" (alteration in original) (quoting United States v. Cortés-López, 101 F.4th 120, 128 (1st Cir. 2024))). And so, "[b]ecause context is key, we have declined to find breach where a prosecutor's comments come at the 'court's urging' or 'in direct response to defense counsel's

attempt to put an innocent gloss' on relevant facts." <u>Castillo</u>, 126 F.4th at 796 (quoting <u>United States</u> v. <u>Saxena</u>, 229 F.3d 1, 7 (1st Cir. 2000)).

During the sentencing hearing, the prosecutor recommended 276 months of imprisonment, as agreed in the plea agreement. At the beginning of her allocution, the prosecutor affirmed that "the United States stands by the plea agreement . . . ascribed by the parties," and that "[p]ursuant to that plea agreement, the United States is requesting a sentence of 276 months of imprisonment." Then, in explaining why 276 months was a more appropriate sentence than a 262-month sentence, the prosecutor stated that one of the victims was an infant and that certain images and videos involved sexual acts or contact with the victim. Those facts were stipulated in the plea agreement. And the context in which the prosecutor offered them suggests that she simply reminded the court of the stipulated record to counter the focus on Muñoz's "history and characteristics" in defense counsel's allocution for a more lenient sentence. In the end, the prosecutor reaffirmed that the United States "stand[s] by [its] recommendation of 276 months of imprisonment."

It is far from obvious that the prosecutor's emphasis on the stipulated facts constituted advocacy for enhancements not contained in the plea agreement. <u>See</u> <u>United States</u> v. <u>Miranda-Martinez</u>, 790 F.3d 270, 274 (1st Cir. 2015) ("[T]he

government's review of the facts of the case cannot constitute a breach of the plea agreement when they are relevant to the court's imposition of sentence." (citation modified)).  To the contrary, the record makes plain that the prosecutor explained why her sentencing recommendation was appropriate in response to Muñoz's recommendation for a lesser sentence.  See United States v. Cruz-Vázquez, 841 F.3d 546, 549 (1st Cir. 2016) ("Having unequivocally stated that it was recommending a sentence at the higher end of the guideline range, the government was free to offer reasons supporting its recommendation.").

"When the parties agree that a defendant may argue for a particular sentence while the government may argue for a somewhat stiffer sentence," the government is not constrained to pull its punches when arguing for the stiffer sentence.  United States v. Montañez-Quiñones, 911 F.3d 59, 65 (1st Cir. 2018).  Our precedent has made clear that "when the plea agreement allows the government to advocate for a sentence that is stiffer than the sentence that defense counsel has proposed, the government 'ha[s] a right (indeed, a duty) to explain to the court why the higher sentence that it [i]s urging [i]s more appropriate.'" Lessard, 35 F.4th at 43 (alterations in original) (quoting Montañez-Quiñones, 911 F.3d at 65).  We therefore conclude that Muñoz has not clearly shown that the government breached the plea agreement.  Because we hold

that no breach of the plea agreement occurred, we see no reason to address Muñoz's remaining contention.

## III. CONCLUSION

For the reasons discussed above, we **affirm**.